UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

DULUTH TRAVEL, INC.,

Debtor.

CHAPTER 11

CASE NO. 18-54894

**MOTION FOR AUTHORITY TO MAINTAIN EXISTING
DEPOSITORY BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

**NOW COMES** Duluth Travel, Inc. ("Debtor"), the Debtor and Debtor-in-Possession in the above-captioned case, and files this Motion for Authority to Maintain Existing Depository Bank Account and Cash Management System (the "Motion"), respectfully showing the Court as follows:

**JURISDICTION & VENUE**

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1408.

**BACKGROUND**

2.

On March 22, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3.

Debtor is a Georgia corporation, with its principal place of business located at 2860 Peachtree Industrial Blvd, Suite 1000, Duluth, GA 30097.

4.

Debtor operates a travel agency which provides services to federal and state government entities/agencies, large corporations, and travel groups.

**RELIEF REQUESTED & BASIS FOR RELIEF**

5.

Debtor maintains accounts at Gwinnett Community Bank ("GCB"), which is Debtor's major secured creditor, that are used for purposes of managing their cash flow, including the deposit of cash and credit card payments.

6.

Unless waived by the Court, the United States Trustee's operating guidelines ("Operating Guidelines") would require Debtor to close its current bank accounts (as described below) and replace them with new bank accounts.

7.

Requiring Debtor to open new bank accounts, possibly at another banking institution, would be burdensome and disruptive to Debtor's current cash management system, may give rise to security risks, and would be detrimental to its relationship with GCB. GCB was chosen by Debtor have been chosen, in part, due to the proximity of its branches to Debtor's location. This proximity allows Debtor to quickly deposit cash into its bank accounts. Further, the process to change bank accounts where electronic

deposits are made by its customers and other payors, as well as ACHs related to its payroll, would take at least 30 days to complete.

8.

Debtor's maintenance of its current bank accounts will in no way violates the purpose of the Operating Guidelines, which are designed, in part, to separate pre-petition and post-petition transactions so as to ensure that pre-petition claims are not accidently paid. Debtor is capable of identifying pre-petition and post-petition claims and will not pay pre-petition claims post-petition unless pursuant to a confirmed plan or Order of this Court.

9.

This Court has the discretion to allow the continued use of existing pre-petition bank accounts. See In re Rhodes Inc., Case No. 04-78434 (Bankr. N.D. Ga. Nov. 5, 2004)(Massey, J.); In re American HomePatient, Inc., 301 B.R. 713, 715 (Bankr. M.D. Tenn. 2003)(referring to order which authorized use of existing bank accounts); In re Charter Behavioral Health Systems, L.L.C., 292 B.R. 36, 41 (Bankr. D. Del. 2003)(referring to order which authorized use of existing bank accounts); In re Centennial HealthCare Corp., Case No. 02-10835 (Bankr. N.D. Ga. Dec. 24, 2002)(Massey, J.).

10.

As set forth below, Debtor seeks an order authorizing them to maintain their existing bank accounts and cash management systems on the terms set forth below.

## GCB ACCOUNTS

11.

Prior to the Petition Date, Debtor maintained five separate depository bank accounts with GCB ("Accounts"). The Accounts are listed below:

| Acc't Nickname | Last 4 Acct. # | Account Purpose |
|---|---|---|
| Operating | 3237 | Used as general operating Account |
| Costa Rica/Small Business | 0264 | Used to hold deposits related to its Costa Rica Dreams business unit |
| STC | 4917 | Used to hold deposits from Save the Children, a government agency |
| VA | 2068 | Used to hold deposits and payments related to its work with Veterans' Affairs |

12.

GCB is not currently an authorized depository with the Office of the U.S. Trustee for the Northern District of Georgia, Atlanta Office. Debtor has requested that GCB take all steps necessary to become an authorized depository institution. In the event, GCB becomes an authorized depository, Debtor asks that this Court permit it to maintain the Accounts.

13.

If GCB declines to seek approval as an authorized depository, Debtor asks that it be permitted to maintain the Accounts over the anticipated objection of the Office of the United States Trustee, in that the FDIC offers $250,000 in protection for Debtor's accounts. While Debtor's balances in the Accounts (in total) at times do exceed the FDIC limit, GCB has blanket lien on all assets of Debtor and total secured indebtedness owed

to it by Debtor in excess of $850,000[1]. In that no other creditor is entitled to the funds in the Accounts, there would be no harm to any creditor other than a successor to GCB, should the bank fail, and any funds which were not available from the Accounts should operate as a reduction of the amounts due to the successor to GCB from Debtor.

14.

Accordingly, Debtor asks that this Court permit it to maintain the Accounts. Furthermore, in the interest of economy, Debtor requests authority to continue using existing checks and deposit slips, provided that Debtor notes "DIP" or "Debtor-in-Possession" on such checks or deposit slips. When stock is reordered, the DIP designation will be printed on the new stock.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order:

(a) authorizing Debtor to maintain its Accounts and existing cash management system;

(b) authorizing Debtor to continue utilizing existing checks and deposit slips;

(c) finding that this Motion has been served on the Office of the United States Trustee, the Internal Revenue Service, the Georgia Department of Revenue, Gwinnett Community Bank, the Small Business Association, the twenty (20) largest unsecured creditors, and Bank of America, N.A. and that, in light of the relief requested, no further notice is necessary; and

---

[1] The indebtedness is also security by the office suite which Debtor rents from a related entity, TravelMaster, LLC.

(d)    granting such other relief as may be necessary and proper.

Respectfully submitted, this 22nd March 2018.

**ANNA M. HUMNICKY**
**ATTORNEY AT LAW**
Proposed Counsel to Debtor

By:    /s/ Anna M. Humnicky
Anna M. Humnicky
Georgia Bar No. 377850

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(P) (770) 858-1288
(F) (770) 858-1277
ahumnicky@cpmas.com

1170953.1                        Page -6-