# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>DULUTH TRAVEL, INC.,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 18-54894 |

### MOTION FOR EXPEDITED HEARING OF FIRST DAY MOTIONS

**NOW COMES** Duluth Travel, Inc. ("Debtor"), the Debtor and Debtor-in-Possession in the above-captioned case, and files this Motion for Expedited Hearing of First Day Motions ("Motion"), respectfully showing the Court as follows:

### Jurisdiction

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper pursuant to 28 U.S.C. § 1408.

### Background

2.

On March 22, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3.

Debtor is a Georgia corporation, with its principal place of business located at 2860 Peachtree Industrial Blvd, Suite 1000, Duluth, GA 30097.

4.

Debtor operates a travel agency which provides services to federal and state government entities/agencies, large corporations, and travel groups.

**Argument & Citation of Authority**

6.

As authorized by 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9006(c)(1), Debtor seeks the entry of an order shortening the applicable notice periods and scheduling a hearing, on an expedited basis, to consider the following motions: (1) Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Debtor to Honor Certain Prepetition Obligations ("Prepetition Obligations Motion"); (2) Motion for Authority to Maintain Existing Depository Bank Accounts and Cash Management System ("Bank Account Motion"); (3) Application for Employment of Attorneys for Debtor in Possession and Application for Employment of Accountant for Debtor in Possession ("Employment Applications"); (4) Motion for Establishment of Procedures for Monthly Compensation and Reimbursement of Expenses for Professionals ("Payment Procedure Motion"); and (5) Motion for Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Providing Adequate Protection ("Cash Collateral Motion," and together with the Prepetition Obligations Motion, the Bank Account Motion, the Employment Applications, and the Payment Procedure Motion, the "First

Day Motions"). The relief is sought in order to allow Debtor to continue operations of its business without interruption, to minimize damage to Debtor's business and the value of its assets, and to streamline the administration of the estate.

7.

Debtor requests that this Court approve notice of the above-listed motions as follows: copies of this Motion and any Order approving this Motion, together with the First Day Motions, shall be delivered by facsimile, electronic mail, overnight delivery service, or by next-day U.S. mail upon: (1) the Internal Revenue Service; (2) the Georgia Department of Revenue; (3) the Office of the United States Trustee; (4) Gwinnett Community Bank; (5) the Small Business Association c/o its administrator; and (6) the twenty largest unsecured creditors. Furthermore, the Officers and/or Registered Agents for the banks listed in the Bank Account Motion shall be served with a copy of this Motion and any Order approving this Motion, together with the Bank Account Motion, by overnight courier. Copies of this Motion and the First Day Motions will also be available on the Court's electronic case management website: www.ganb.uscourts.gov.

8.

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. In re Rodriguez Camacho, 361 B.R. 294, 300 (1st Cir. B.A.P. 2007).

9.

For the reasons more specifically set forth in the First Day Motions, requiring Debtor to comply with the generally applicable notice requirements would immediately and irreparably harm Debtor's ability to manage its operations and to efficiently administer its case. Accordingly, Debtor asks that this Court enter an order permitting notice and scheduling an expedited hearing as provided herein.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order:

(1) shortening the applicable notice periods for and scheduling a hearing on an expedited basis to consider the motions identified herein;

(2) ordering that this Motion be served on the Internal Revenue Service, the Georgia Department of Revenue, the Office of the United States Trustee, Gwinnett Community Bank, the Small Business Association, the twenty (20) largest unsecured creditors and the banks listed in the Bank Account Motion and that, in light of the relief requested, no further notice is necessary; and

(3) granting such other relief as may be necessary and proper.

Respectfully submitted, this 22nd day of March 2018.

**ANNA M. HUMNICKY**
**ATTORNEY AT LAW**
Proposed Counsel to Debtor

By: /s/ Anna M. Humnicky
Anna M. Humnicky
Georgia Bar No. 377850

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(P) (770) 858-1288
(F) (770) 858-1277
ahumnicky@cpmas.com