

**IT IS ORDERED as set forth below:**

**Date: March 30, 2018**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE:

DULUTH TRAVEL, INC.,

     Debtor.

CHAPTER 11

CASE NO. 18-54894-jrs

## ORDER ON MOTION FOR ESTABLISHMENT OF PROCEDURES
## FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF
## EXPENSES OF PROFESSIONALS

This case is before the Court on March 27, 2018, for hearing on the *Motion for Establishment of Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* filed March 22, 2018 (Doc. No. 8), by Duluth Travel, Inc. ("**Debtor**"), operating as Debtor-in-Possession in the above-captioned case, for an order which establishes procedures for professionals to be compensated and reimbursed for expenses on a monthly basis ("**Motion**").

The Court has considered the Motion.  It appears that the Court has jurisdiction over this matter; that it is a core proceeding; that notice of the Motion has been given to the Internal Revenue Service, the Georgia Department of Revenue, Debtor's secured creditors and the Top 20 unsecured creditors; that no further notice is necessary; that the relief sought in the Motion is in the best interests of Debtor, its estate, and its creditors; that no party in interest opposed the granting of relief; and that good and sufficient cause exists for such relief; it is hereby,

**ORDERED** that the relief request in the Motion is **GRANTED**; and it is further

**ORDERED** that except as may otherwise be provided by Court order authorizing the retention of specific professionals, all professionals employed pursuant to 11 U.S.C. §§ 327 and 1103 in this case ("**Professionals**") may seek interim compensation in accordance with the following procedures:

(a)    On or before the last day of the month following the month for which compensation is sought ("**Statement Date**"), any Professional seeking compensation pursuant to these procedures, shall submit via electronic mail (other than for Debtor) and U.S. Mail a detailed invoice for the time period for which compensation is sought to: (i) Duluth Travel, Attn: Arthur Salus, 2860 Peachtree Industrial Blvd, Suite 1000, Duluth, Georgia 30097 ("**Debtor**") (ii) counsel to Debtor, Anna M. Humnicky, Small Herrin, L.P., Two Paces West, Suite 200, 2727 Paces Ferry Road, Atlanta, Georgia  30339 ("**Counsel to Debtor**"); (iii) Office of the United States Trustee ("**US Trustee**"), 75 Ted Turner Drive, S.W., Room 362, Atlanta, GA 30303; and (iv) counsel to Gwinnett Community Bank,  William J. Sheppard and Doroteya N. Wozniak, James Bates Brannan Groover LLP, 3399 Peachtree Road NE, Suite 1700, Atlanta, GA 30326 ("**Bank Counsel**" together with Debtor, Counsel to Debtor, and the US Trustee, "**Notice Parties**").  The Notice Parties shall have 15 days ("**Review Period**") after the Statement Date to review any such statement.

(b)    At the expiration of the Review Period, each Professional shall file a Certificate of No Objection, if no Objection has been filed, the applicable Professional may request that the Debtors pay on an interim basis eighty percent (80%) of the compensation and one hundred percent (100%) of the expenses requested in such statement, except such compensation or expenses to which an objection has been served as provided in subparagraph (c) below.  Any payments to Professionals must be authorized by the applicable cash collateral order and budget.  Any Professional who fails to submit a monthly invoice shall be ineligible to receive further payments of compensation and expenses as provided herein until such time as the monthly invoice is submitted. Counsel to Debtor and Balch Bingham, LLP ("**Balch**") may be paid by application of funds held as a retainer and/or in escrow by Counsel to Debtor, including any retainer held by Cohen Pollock Merlin Turner, P.C., and Balch, in this case.  Except as approved related to the cash collateral budget, to the extent that  seeks payment from Debtor's post-petition revenue, Counsel to Debtor and Balch shall specifically advise Bank Counsel of same contemporaneously with submission of its invoice pursuant to subparagraph (a) hereof, as well as obtain consent from Bank Counsel, prior to seeking payment from Debtor of such amount.

(c)    In the event any of the Notice Parties has an objection to the compensation or reimbursement sought in a particular invoice ("**Objecting Party**"), the Objecting Party shall before the expiration of the Review Period, serve upon the Professional requesting the compensation or reimbursement a written notice of objection ("**Notice of Objection to Fee Statement**").  The Notice of Objection to Fee Statement shall set forth the precise nature of the objection and the amount at issue.  Thereafter, the Objecting Party and the Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made.  If the Objecting Party and the Professional are unable to reach an agreement on the objection within thirty (30) days after service of the Notice of Objection to Fee Statement, the Objecting Party may file its objection with the Court and serve such objection on the respective Professional and the Notice Parties, and the Court shall consider and dispose of the objection at the next interim fee application hearing.

(d)    Approximately every four (4) to six (6) months, each Professional shall file with the Court and serve on the Notice Parties, on or before the forty-fifth (45th) day following the last day of the compensation period for which compensation is sought, an application for interim Court approval and allowance, pursuant to 11 U.S.C. § 331, of the compensation and reimbursement of expenses requested for the prior four months ("**Application**").  Any Professional who fails to file an Application when due shall be ineligible to receive further interim payments of compensation or expenses as provided herein until such time as the Application is submitted.  Upon approval and allowance of the interim application(s), said Professional(s) shall be entitled to payment of the

Page -3-

remaining 20% of its fees to the extent allowed in the applicable cash collateral order and budget.

(e)    The pendency of an Application and the pendency of any Notice of Objection to Fee Statement or other objection, shall not disqualify any Professional from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses as provided herein shall bind any party-in-interest or this Court with respect to the final allowance of applications for compensation and reimbursement of Professionals.

**[END OF DOCUMENT]**

Prepared by:

/s/ Anna M. Humnicky
Anna M. Humnicky
Georgia Bar No. 377850
Cohen Pollock Merlin Turner, P.C.
3350 Riverwood Parkway, Suite 1600
Atlanta, GA 30339
(P) (770) 858-1288; (F) (770) 858-1277
ahumnicky@cpmas.com
**Counsel for Debtor**

# DISTRIBUTION LIST

Anna M. Humnicky, Esq.
Cohen Pollock Merlin Turner, P.C.
3350 Riverwood Parkway, Suite 1600
Atlanta, GA 30339

David S. Weidenbaum, Esq.
Office of U.S. Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

William J. Sheppard, Esq.
Doroteya N. Wozniak, Esq.
James Bates Brannan Groover LLP
3399 Peachtree Road, NE
Suite 1700
Atlanta, GA 30326