UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>DULUTH TRAVEL, INC.,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 18-54894-JRS |

# NOTICE OF HEARING

    **DULUTH TRAVEL, INC.** ("**Debtor**"), filed a *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Debtor to Honor Certain Prepetition Obligations Nunc Pro Tunc* ("**Motion**"), seeking an order approving payment of certain pre-petition debts post-petition as further described in the Motion.

    Hearing will be held on the Motion in the ***U.S. Bankruptcy Court, Courtroom 1404, 75 Ted Turner Drive, S.W., Atlanta, Georgia, at 1:30 p.m. on the 19th day of June 2018***.

    Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)  If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so.  If you file a written objection, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  Mail or deliver your response so that it is received by the Clerk at least three business days before the hearing.  The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court,75 Ted Turner Drive, S.W., Room 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

    Dated: May 23, 2018.

                                                **SMALL HERRIN, LLP**
                                                Counsel to Debtor

                                         By:   /s/ Anna M. Humnicky
                                                Gus H. Small, GA Bar No. 653200
                                                Anna M. Humnicky, GA Bar No. 377850

Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>DULUTH TRAVEL, INC.,<br><br>　　　Debtor. | CHAPTER 11<br><br>CASE NO. 18-54894-JRS |

## MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AUTHORIZING DEBTOR TO HONOR CERTAIN PREPETITION OBLIGATIONS, *NUNC PRO TUNC*

**NOW COMES** Duluth Travel, Inc. ("**Debtor**"), the debtor and debtor-in-possession in the above-captioned case, and files this Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Debtor to Honor Certain Prepetition Obligations *Nunc Pro Tunc* ("Motion"), respectfully showing the Court as follows:

## JURISDICTION & VENUE

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1408.

## BACKGROUND

2.

On March 22, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor

continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3.

Debtor is a Georgia corporation, with its principal place of business located at 2860 Peachtree Industrial Blvd, Suite 1000, Duluth, GA 30097.

4.

Debtor operates a travel agency which provides services to federal and state government entities/agencies, large corporations, and travel groups.

## The Prepetition Obligations

### *Customer Obligations*

5.

In the ordinary course of Debtor's business, and as is customary with many businesses in Debtor's industry, Debtor purchases airline tickets and travel packages on behalf of its customers, collecting funds from its customers via credit card (or other forms of payment), including Debtor's commission related to the same, and then purchases airline tickets from the airlines and vacation packages from tour operators. Pre-petition, Debtor collected funds from approximately 35 customers to purchase airline tickets on Delta Air Lines, Inc., and a vacation package from FunJet Vacations (the Mark Travel Corporation) and in turn purchased the same for its customers using its corporate American Express credit card, with charges totaling $14,376.49 paragraph ("**AmEx Customer Related Pre-Petition Obligation**"). However, the charges related to any one individual ticket/package did not exceed $2,850.00. Debtor believed that, if it did not pay the American Express bill,

the airline and tour operator would not honor the tickets sold Debtor's customers. Therefore, Debtor paid the American Express bill without first seeking Court approval due to the short time between the due date of the bill and the travel date(s) by the customers. Debtor feared that if it did not pay the AmEx Customer Related Pre-Petition Obligation, for tickets its customers had already purchased from Debtor the same would not be honored for its customers and it would lose the trust and confidence of its customers which would have long term negative effects on its business.[1]

6.

In the ordinary course of Debtor's business, and as is customary with many businesses in Debtor's industry, Debtor purchases travel packages on behalf of its customers, collecting funds from its customers via credit card (or other forms of payment), including Debtor's commission related to the same, and then purchases the vacation packages from tour operators. Pre-petition, Debtor collected funds from a customer to purchase a vacation with Getaway Tours, ordered the tour from Getaway Tours, and sent payment to Getaway Tours totaling $2,387.00 ("**Getaway Tours Pre-Petition Obligation**").[2]

---

[1] Debtor's counsel filed the Motion as soon as practical after learning of the post-petition payment. Debtor made payments totaling $35,461.74 post-petition for pre-petition charges. After the AxEx Customer Related Pre-Petition Obligation is subtracted, the remaining balance $21,085.25 will be re-paid to Debtor by its owner, Arthur Salus, for charges incurred related to Falcons Season Tickets. As a matter of disclosure and clarification, another $985.35 was paid to American Express for post-petition charges made prior to the card being cancelled. American Express also received a payment in the amount of $1,007.22, but that amount was for a customer related travel service unrelated to Debtor's business credit card.

[2] Getaway Tours did not cash its check from Debtor until post-petition.

**Commission and Reimbursement Obligations**

7.

In the ordinary course of Debtor's business, and as is customary with many businesses in Debtor's industry, Debtor pays commissions to individuals related to customer vacations booked through Debtor. Pre-petition, Cynthia Sanden earned an $800.00 ("**Commission Obligation**").[3] Ms. Sanden did not cash its check from Debtor until post-petition.

8.

In the ordinary course of Debtor's business, and as is customary with many businesses, Debtor reimburses its employees for expenses they incur related to Debtor's business. Pre-petition, Robert Buettner incurred $2,054.76 of expenses related to Debtor's business and requested repayment of the same ("**Reimburseement Obligation**").[4]

9.

Debtor believes that honoring its pre-petition AmEx Customer Related Pre-Petition Obligation, the Getaway Tours Pre-Petition Obligation, the Commission Obligation and the Reimbursement Obligation (collectively, "**Pre-Petition Obligations**"), is the best way to maintain good relations with its customers and its employees, minimizing the negative impact that this bankruptcy case may have upon its customers and employees, who are essential to Debtor's continued operation and successful reorganization.

---

[3] Ms. Sanden did not cash its check from Debtor until post-petition. As indicated in Debtor's first Monthly Operating Report, it is seeking approval of the same.
[4] Mr. Buettner did not cash its check from Debtor until post-petition. As indicated in Debtor's first Monthly Operating Report, it is seeking approval of the same.

**Argument & Citation of Authority**

Section 507(a)(7) of the Bankruptcy Code provides priority for the AmEx Customer Related Pre-Petition Obligation and Getaway Tours Pre-Petition Obligation. See 11 U.S.C. § 507(a)(7). Section 507(a)(4) and (a)(5) of the Bankruptcy Code provides priority for the pre-petition Commission Obligation and the Reimbursement Obligation. See 11 U.S.C. § 507(a)(4) and (a)(5). Thus, employees with claims falling under this subsection will be entitled to receive full payment prior to payment of Debtor's general unsecured creditors, as none of the obligations exceed $12,475.00 on an individual basis.

Additionally, pursuant to § 105(a) and the "necessity of payment" doctrine, satisfaction of the Pre-Petition Obligations is authorized. Bankruptcy courts have permitted postpetition payment of prepetition obligations that are necessary to preserve or enhance the value of the debtor's estate for the benefit of all creditors. See e.g., In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. April 14, 2008); In re Pike Nursery Holding L.L.C., Case No. 07-79129 (Bankr. N.D. Ga., November 16, 2008) (Massey, J.); In re Wolf Camera, Case No. 01-83470 (Bankr. N.D. Ga., June 22, 2001) (Mullins, J.) (authorizing debtor to honor gift certificates and coupons). In this case, Debtor's creditors will not be prejudiced by the proposed satisfaction of these Pre-Petition Obligations but instead will be benefitted by the uninterrupted continuation of Debtor's business operations, by continued positive customer and employee relations.

Further, to the extent the requested transactions are considered to be outside the ordinary course of business, Debtor seeks authority pursuant to 11 U.S.C. §§ 363(b) and 105(a) to honor these Pre-Petition Obligations.

Debtor's hopes for a successful chapter 11 reorganization depend on customer retention and loyalty, positive employee relations, Debtor's positive reputation, and future business. Debtor believed that if it had not paid the American Express bill, it would have caused an interruption in its customers travel and would have significantly and detrimentally impact Debtor's business. Therefore, Debtor seeks *nunc pro tunc* approval of the payment to American Express, to the extent it relates to pre-paid travel by its customers. Debtor further seeks *nunc pro tunc* approval of the pre-petition checks that cleared post-petition, to the extent its customer pre-paid for one tour and the other two checks represent employee related expenses, related to which, approval of the same will ensure employee retention and loyalty, and benefit the estate overall.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order:

(a) authorizing, *nunc pro tunc*, Debtor to honor and satisfy the Pre-Petition Obligations;

(b) finding that this Motion has been served on the Internal Revenue Service, the Georgia Department of Revenue, the Office of the United States Trustee, Gwinnett Community Bank, Small Business Association, and the twenty (20) largest unsecured creditors, and that in light of the relief requested, no further notice is necessary; and

(c) granting such other relief and further relief as may be just and proper.

Respectfully submitted, this 23rd day of May, 2018.

        **SMALL HERRIN, LLP**
        Counsel to Debtor

  By:  /s/ Anna M. Humnicky
        Gus H. Small
        Georgia Bar No. 653200
        Anna M. Humnicky
        Georgia Bar No. 377850

Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>DULUTH TRAVEL, INC.,<br><br>　　　　Debtor. | CHAPTER 11<br><br>CASE NO. 18-54894-JRS |

## CERTIFICATE OF SERVICE

　　I, Anna M. Humnicky, certify that I am over the age of 18 and that on May 23, 2018, I served a copy of the *Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Debtor to Honor Certain Prepetition Obligations Nunc Pro Tunc* and *Notice of Hearing,* related to the same, by First Class U.S. Mail, adequate postage pre-paid on the persons or entities stated in Exhibit A.

　　Dated: May 23, 2018.

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ Anna M. Humnicky
　　　　　　　　　　　　　　　　　　　　　　　　Anna M. Humnicky
　　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 377850

Small Herrin, LLP
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(770) 783-1800
ahumnicky@smallherrin.com

# EXHIBIT A

Bureau of the Fiscal Service
Division of Procurement, Avery 5F
200 Third Street
Attn: R. Dillon
Parkersburg, WV 26101

Comp. Corp. Rate Assoc.
320 Hemphill Street
Fort Worth, TX 76104-1130

Deem, Inc.
642 Harrison Street
2nd Floor
San Francisco, CA 94107-1323

FedEx
3875 Airways, Module H-3
Department 4634
Memphis, TN  38116

Georgia Certified Development Corp.
3405 Piedmont Road, NE
Suite 500
Atlanta, GA 30305-1797

Gwinnett Community Bank
2775 Buford Highway
Duluth, GA 30096-2872

AdTrav Corporation
4555 Southlake Parkway
Birmingham, AL 35244-3238

Arthur D. Salas
Duluth Travel, Inc.
2860 Peachtree Industrial Blvd.
Suite 1000
Duluth, GA 30097-7906

CTS Systems
11575 Great Oaks Way
Suite 130
Alpharetta, GA 30022-2426

Concur Technologies
3500 Lenox Road, NE
Alliance Center, Suite t12
Atlanta, GA 30326-4267

First Citizens Bank
289 S. Culver Street
Lawrenceville, GA 30046-4805

Georgia Department of Revenue
Compliance Division
ARCS Bankruptcy
1800 Century Blvd., Suite 9100
Atlanta, GA 30345-3202

Gwinnett County Tax Commissioner
Attn: Richard Steele
P.O. Box 372
Lawrenceville, GA 30046-0372

Internal Revenue Service
P.O. Box 7346
2970 Market Street
Philadelphia, PA 19104-5002

Airline Reporting Comm.
3000 Wilson Blvd.
Suite 300
Arlington, GA 22201-3862

Balch & Bingham, LLP
Christpher S. Annulewicz, Esq.
30 Ivan Allen Jr. Blvd NW
Suite 700
Atlanta, GA 30308-3036

City of Duluth
3167 Main Street
1st Floor
Duluth, GA 30092-3272

D. Michael Sweetnam
Sweetnam & Schwartz, LLC
1200 Ashwood Parkway
Suite 190
Atlanta, GA 30338-6994

Everbank Commercial Finance, Inc.
P.O. Box 911608
Denver, CO 80291-1608

GRASP Technologies, Inc.
404 Camino Del Rio South
Suite 210
San Diego, CA 92108

Great West
8515 E. Orchard Road
Englewood, CO 80111-5002

Humana
P.O. Box 3291
Miilwaukee, WI 53201-5002

IRS
Attn: Leona Brown
500Ellin Road
Lanham, MD 20706

John Lawless
c/o Hodges & Assoc. #400
11325 Random Hills Road
Fairfax, VA 22030-6051

Julie F. Montgomery, Esq.
Brown & Connery, LLP
6 North Broad Street
Woodbury, NJ 08096-4635

William J. Sheppard
James Bates Brannan Groover LLP
Suite 1700
3339 Peachtree Road, NE
Atlanta, GA 30326-1151

State Farm Insurance
10595 Old Alabama Con Rd, Suite 6
Alpharetta, GA 30022-8276

Travel Master
2860 Peachtree Ind. Blvd.
#1000
Duluth, GA 30097-7906

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, Suite 900
Atlanta, GA 30326-1382

Lincoln National Life
P.O. Box 0821
Carol Stream, IL 60132-0821

Ring Central, Inc.
20 Davis Drive
Belmont, CA 94002-3002

Salus Consulting, P.C.
1117 Perimeter Center West
Suite e-201
Atlanta, GA 30338-5457

Travelport, LP
300 Galleria Parkway, SE
Atlanta, GA 30339-3153

Doroteya N. Wozniak
James Bates Brannan Groover LLP
3399 Peachtree Road, NE, Suite 1700
Atlanta, GA 30326-1151

McGuire Woods
1750 Tysons Blvd.
Suite 1800
Tyson, VA 22102-4215

Roger L. Bates, Esq.
Hand Arendall, et al
1801 5th Ave N. #400
Birmingham, AL 35203-2108

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington, DC 20200

Small Business Assoc.
c/o Colson Services Corp.
2 Hanson Place, 7th FL
Brooklyn, NY 11217-1431

U.S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303-3330

Travel Incorporated
4355 River Green Parkway
Duluth, GA 30096-2572

Jason H. Watson
Womble Bond Dickinson LLP
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1151