**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>DULUTH TRAVEL, INC.,<br><br>     Debtor. | CHAPTER 11<br><br>CASE NO. 18-54894-JRS |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Duluth Travel, Inc. ("**Debtor**") has filed a *Motion to Approve Settlement with John Lawless* in Debtor's bankruptcy case filed by John Lawless, seeking an order pursuant to Bankruptcy Rule 9019 approving a compromise and settlement of claims and disputes with John Lawless, which will result in the dismissal of a lawsuit against Debtor, the dismissal of a lawsuit against Mr. Lawless, and as well as the withdrawal of Mr. Lawless' claims in the above-captioned case ("**Motion**").

Hearing will be held on the Motion in the ***U.S. Bankruptcy Court, Courtroom 1404, 75 Ted Turner Drive, S.W., Atlanta, Georgia, at 9:30 a.m. on the 18th day of October 2018***.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written objection, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least three business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court,75 Ted Turner Drive, S.W., Room 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

**[CONTINUED ON NEXT PAGE]**

Dated: September 26, 2018.

                                      **SMALL HERRIN, LLP**
                                      Counsel to Debtor Duluth Travel, Inc.

                                By:  /s/ Anna M. Humnicky
                                        Gus H. Small, GA Bar No. 653200
                                        Anna M. Humnicky, GA Bar No. 377850

2727 Paces Ferry Road
Building 2, Suite 200
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>DULUTH TRAVEL, INC.,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 18-54894-JRS |

## MOTION FOR APPROVAL OF SETTLEMENT WITH JOHN LAWLESS

**COMES NOW** Duluth Travel, Inc. ("**Debtor**"), the debtor and debtor-in-possession in the above-captioned case, and files this Motion in the above-captioned case and, pursuant to Bankruptcy Rule 9019, moves this Court for an Order approving the proposed compromise and settlement ("**Settlement**") with John Lawless, a former employee of Debtor. The Debtor respectfully shows the Court as follows:

### JURISDICTION & VENUE

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.

2.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

3.

On March 22, 2018, Debtor filed a petition for relief under Chapter 11 of Title 11, United States Code, 11U.S.C. §§ 101 et seq. No Trustee has been appointed and Debtor

continues to operate its business and manage its affairs as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3.

Debtor is a Georgia corporation, with its principal place of business located at 2860 Peachtree Industrial Blvd, Suite 1000, Duluth, GA 30097.

4.

Debtor operates a travel agency which provides services to federal and state government entities/agencies, large corporations, and travel groups.

5.

Mr. Lawless is a former employee of Debtor.

6.

A dispute arose between Debtor and Mr. Lawless, which resulted in two pieces of litigation – 1) on May 31, 2017, Duluth filed a civil action in the Superior Court of Forsyth County, State of Georgia against Lawless instituting case number 17-cv-1031-3 ("**Georgia Action**"); and 2) on August 16, 2017, Lawless filed a civil action in the Circuit Court of the County of Fairfax Commonwealth of Virginia against Duluth and Salus instituting case number 2017-11391 ("**State Court Action**"), which Duluth and Salus removed to the United States District Court for the Eastern District of Virginia, instituting case number 1:17-cv-01406-CMH-JFA ("**Virginia Action**").

7.

On June 29, 2018, and July 2, 2018, Mr. Lawless filed a series of Proofs of Claim in the above-captioned bankruptcy case ("**Proofs of Claim**").

## BACKGROUND FACTS RELATED TO SETTLEMENT

8.

A settlement has been reached between Debtor and Mr. Lawless, which will resolve the Georgia Action, the Virginia Action, and the Proofs of Claims and will provide releases for Debtor, its owner Arthur Salus, and Mr. Lawless ("**Settlement**"). A true and correct copy of the proposed Settlement Agreement between the parties is attached hereto as Exhibit "A."

## DISCUSSION

"Compromises are favored in bankruptcy proceedings because they minimize litigation and expedite the administration of the bankruptcy estate." In re W.R. Grace & Co., 2012 WL 310815 (D. Del. 2012). Settlement of controversies in the bankruptcy context is governed by Federal Rule of Bankruptcy Procedure 9019, which provides in part as follows:

> (a)   Compromise - On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). The Eleventh Circuit Court of Appeals has stated:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990).  Courts consider these factors in order to determine the fairness, reasonableness and adequacy of a proposed settlement agreement.  In re Chira, 567 F.3d 1307, 1312-13 (11th Cir. 2009).  "A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement."  In re BGI, Inc., 2012 WL 527350 (Bankr. S.D. N.Y.  2012). To decide a bankruptcy settlement motion, "[c]ourts should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."  See Travelers Cas. & Sur. Co. v. Future Claimants Representative, 2008 WL 821088 (D. N.J. 2008).

The Debtor believes that the Settlement comports with the standards for approval of bankruptcy compromises. The Settlement with Mr. Lawless would avoid litigation costs, in that the litigation involves numerous disputed facts and certain complex issues of law and fact.  The Settlement would promote the Debtor's effort to obtain confirmation of its proposed Chapter 11 plan, conclude its bankruptcy case and make distributions to its creditors pursuant to the terms of the proposed Chapter 11 plan.

The Debtor believes that the Settlement is the best manner to resolve the disputes with Mr. Lawless and that the Settlement brings the best result the Estate and its creditors. The Debtor believes that the Settlement is in the best interests of the Estate and its creditors, as well as that it meets the standards that apply to Bankruptcy Rule 9019.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

a) granting this Motion and approving the Settlement;

b) authorizing the Debtor to enter into the Settlement Agreement with Mr. Lawless, which is attached as Exhibit A to the Motion; and

c) granting the Debtor such other relief as is just and proper.

This the 26th day of September, 2018.

                **SMALL HERRIN, LLP**
                Counsel to Debtor Duluth Travel, Inc.

            By:   /s/ Anna M. Humnicky
                    Anna M. Humnicky
                    Georgia Bar No. 377850

2727 Paces Ferry Road
Building 2, Suite 200
Atlanta, GA 30339
P (770) 783-1800 x405
D (770) 857-4770
ahumnicky@smallherrin.com

## EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Agreement**") is made and entered into on the _____ day of _____, 20\_\_\_, (the "**Effective Date**") by and between DULUTH TRAVEL, INC., its officers, directors, shareholders, employees, attorneys and contractors ("**Duluth**"); ARTHUR SALUS ("**Salus**"); and JOHN LAWLESS ("**Lawless,**" collectively, with Duluth and Salus, the "**Parties**").

W I T N E S S E T H:

WHEREAS, on May 31, 2017, Duluth filed a civil action in the Superior Court of Forsyth County, State of Georgia against Lawless instituting case number 17-cv-1031-3 (the "**Georgia Action**"); and

WHEREAS, on August 16, 2017, Lawless filed a civil action in the Circuit Court of the County of Fairfax Commonwealth of Virginia against Duluth and Salus instituting case number 2017-11391 (the "**State Court Action**"); and

WHEREAS, on December 8. 2017, Duluth and Salus removed the State Court Action to the United States District Court for the Eastern District of Virginia (the "**District Court**") instituting case number 1:17-cv-01406-CMH-JFA (the "**Virginia Action**"); and

WHEREAS, on February 7, 2018, Lawless voluntarily dismissed Salus from the Virginia Action; and

WHEREAS, on February 21, 2018, the District Court dismissed Count III of the Virginia Action against Duluth; and

WHEREAS, on March 22, 2018, Duluth filed a bankruptcy petition under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**") instituting case number 18-54894-jrs (the "**Bankruptcy Case**"); and

WHEREAS, on April 17, 2018, the District Court stayed the Virginia Action pending the conclusion of the Bankruptcy Case; and

WHEREAS, Lawless has filed Proof of Claim No. 7; Proof of Claim No. 8; and Proof of Claim No. 9 against Duluth in the Bankruptcy Case (the "**Proofs of Claim**"), and

WHEREAS, the Parties desire to resolve all claims they may have or may have had against each other without the need of further litigation in this matter,

NOW, THEREFORE, for and in consideration of the foregoing premises, the covenants and conditions herein contained, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties agree to the following:

1. **Dismissal of Georgia Action**. Within ten (10) days of the approval of the settlement contemplated by this Agreement by the Bankruptcy Court, Duluth shall dismiss the Georgia Action in its entirety without prejudice by making the appropriate filing with the Clerk of the Superior Court of Forsyth County, State of Georgia.

2. **Dismissal of Virginia Action**. Within ten (10) days of the approval of the settlement contemplated by this Agreement by the Bankruptcy Court, Lawless shall Dismiss the Virginia Action in its entirety with prejudice by stipulation of Lawless, Duluth, and Salus pursuant to Rule 41 of the Federal Rules of Civil Procedure by making the appropriate filing with the Clerk of the District Court.

3. **Withdrawal of Proofs of Claim**. Within ten (10) days of the approval of the settlement contemplated by this Agreement by the Bankruptcy Court, Lawless shall withdraw the Proofs of Claim in their entirety with prejudice by making the appropriate filing with the Clerk of the Bankruptcy Court.

4. **Release by Lawless**. Lawless, for and on behalf of himself, his affiliates, successors, transferees, assigns, contractors, subcontractors, agents, attorneys, employees, insurers, and all of their heirs, executors, administrators, attorneys, successors, transferees, employees, agents, and assigns (collectively, the "**Lawless Parties**"), fully and completely release Duluth and Salus, together with their affiliates, successors, subsidiaries, parents, transferees, assigns, contractors, subcontractors, officers, directors, shareholders, agents, attorneys, employees, insurers, and all of their heirs, executors, administrators, attorneys, successors, transferees, employees, agents, and assigns (collectively, the "**Debtor Parties**"), from and against any and all claims, demands, liabilities, damages, or causes of action of any kind whatsoever, whether legal or equitable, whether contingent or non-contingent, and whether known or unknown, that arise from any act or omission that has occurred at any time prior to the date of the execution of this Agreement. This release is not intended to nor does it preclude an action of law or equity to enforce this Agreement.

5. **Release by Duluth**. Duluth, for and on behalf of itself and its affiliates, successors, subsidiaries, parents, transferees, assigns, contractors, subcontractors, officers, directors, shareholders, agents, attorneys, employees, insurers, and all of their heirs, executors, administrators, attorneys, successors, transferees, employees, agents, and assigns (collectively, the "**Duluth Parties**"), fully and completely release Lawless from and against any and all claims, demands, liabilities, damages, or causes of action of any kind whatsoever, whether legal or equitable, whether contingent or non-contingent, and whether known or unknown, that arise from any act or omission that has occurred at any time prior to the date of the execution of this Agreement.  This release is not intended to nor does it preclude an action of law or equity to enforce this Agreement.

6. **Release by Salus**. Salus, for and on behalf of himself, his affiliates, successors, transferees, assigns, contractors, subcontractors, agents, attorneys, employees, insurers, and all of their heirs, executors, administrators, attorneys, successors, transferees, employees, agents, and assigns (collectively, the "Salus Parties"), fully and completely release Lawless from and against any and all claims, demands, liabilities, damages, or causes of action of any kind whatsoever, whether legal or equitable, whether contingent or non-contingent, and whether known or unknown, that arise from any act or omission that has occurred at any time prior to the date of the execution of this Agreement. This release is not intended to nor does it preclude an action of law or equity to enforce this Agreement.

7. **Return of Duluth Property.** Lawless represents and warrants that at various times he has had certain property of Duluth in his possession (the "Duluth Property"). Lawless represents and warrants that he has not given, turned over, or released to any other person or entity any Duluth Property or forwarded to any other person or entity any electronically stored information constituting Duluth Property. To the extent that Lawless has not returned any Duluth Property, he shall return it to Duluth within ten (10) days of dismissal of the Georgia Action as contemplated herein. To the extent any of the Duluth Property is stored electronically on devices owned by Lawless, Lawless hereby agrees to permanently delete all such Duluth Property from such devices and such deletion shall constitute compliance with Lawless' obligations under this paragraph 7 with respect to Duluth Property stored electronically on devices owned by Lawless. Additionally, Lawless further represents that he will cease any use of the Duluth Property in any way.

8. **No Admission of Liability**. It is understood and agreed that this Agreement is a compromise of disputed claims, and that the considerations made are not to be construed as an admission of liability on the part of the party or parties hereby released, by whom liability is expressly denied.

9. **Representations**. Each party hereto represents that it has not conveyed, assigned, or pledged any claims or rights released hereby to any third parties.

10. **Non-Disparagement.** Duluth and Salus on the one hand, and Lawless on the other hand, hereby agree to not discuss the other Parties to this Agreement with any third parties after the effective date hereof unless required by law to do so and/or ordered to do so by a court of competent jurisdiction. Notwithstanding the above, it is understood and agreed that Lawless may identify Duluth as a former employer as necessary with regard to his employment, and Duluth may identify Lawless as a former employee as necessary with regard to its business. In the event any such identification becomes necessary by either Party, such Party shall only offer truthful factual information and no opinions to the other Party in the course of making such identification.

11. **Miscellaneous.**

(a) Each signatory hereto warrants and represents that such signatory is duly authorized and empowered to execute this Agreement has the full and complete authority to

execute this document that that Party's behalf and to bind the Party to the agreements contained herein.

      (b)    Each of the Parties hereto represent that they have not conveyed, assigned, or pledged any claims or rights released hereby to any third parties.

      (c)    The covenants, acknowledgements, representations, agreements and obligations contained in this Agreement shall survive any other written agreement that may exist between the Parties.

      (d)    Whenever in this Agreement the Parties are named or referred to, the heirs, executors, legal representatives, successors, successors-in-title, and assigns of such party shall be included, and all covenants and agreements contained in this Agreement shall bind and inure to the benefit of their respective heirs, executors, legal representatives, successors, successors-in-title, and assigns, whether so expressed or not.

      (e)    This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without reference to the conflict of laws provisions thereof.

      (f)    The Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all such counterparts together shall constitute one and the same instrument.

      (g)    The terms of this Agreement may not be changed, modified, waived, discharged, or terminated orally, but only by an instrument or instruments in writing, signed by the party against whom the enforcement of the change, modification, waiver, discharge, or termination is asserted.

      (h)    The terms of this Agreement are binding as to each and every party hereto, their agents, successors, assigns, servants, employees, subsidiaries, affiliates, and trustees.

      (i)    Time is of the essence of this Agreement.

      (j)    The section headings are included solely for convenience of reference and, in the event of any conflict between any section heading and the text of this Agreement, the text shall control.

      (k)    A waiver by any of the Parties of any breach of this Agreement or any provision of this Agreement shall not operate or be construed as a waiver of any other provision of this Agreement or any subsequent breach by any of the Parties.

      (l)    The parties to the Agreement shall bear their own costs and attorney's fees in connection with this Agreement, all matters litigated between them, and the matters being released by this Agreement. However, in the event of litigation relating to, arising out of, or connected with a breach of this Agreement, the prevailing party shall be entitled to recover all costs, expenses, and actual attorney's fees incurred therein.

      IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed as of the date first above written.

**DULUTH:**

By:_____
    Arthur Salus, its CEO

**SALUS:**

_____
ARTHUR SALUS

**LAWLESS:**

_____
JOHN LAWLESS